IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER R. BAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1346-D |
| ) | |
| COLONIAL PLAZA NURSING HOME, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants seek dismissal of all claims asserted in the Complaint on the grounds that Plaintiff's factual allegations are insufficient to state a claim for relief under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, and that Plaintiff cannot state a pendent state law claim of wrongful discharge in violation of public policy because he has an adequate federal remedy. Plaintiff has timely opposed the Motion, and the parties have filed reply and surreply briefs. The Motion is thus fully briefed and at issue.

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)). The factual allegations must be sufficient to provide "fair notice" of the claim and the grounds on which it rests, as required by Fed. R. Civ. P. 8(a), and the degree of specificity necessary to establish plausibility and fair notice depend on the nature and context of the case. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

### Plaintiff's Claims

The Complaint states Plaintiff is a male, former employee of Defendants who worked as a certified nursing aide until his termination on July 11, 2006. Plaintiff alleges that his employment began on a night shift and he had a second daytime job as a waiter but in May, 2006, his supervisors ordered him to begin working day shifts. Defendants' decision to require Plaintiff to take a day shift allegedly reduced his work hours and caused Plaintiff to lose his second, part-time job. Plaintiff claims that the requirement to work a day shift was based on his gender and a discriminatory policy adopted by Defendants of prohibiting male employees from working an evening or night shift because Defendants believed that male employees presented a greater risk of sexual assault of residents. Plaintiff also claims that Defendants' policy created a hostile work environment for male employees and caused Plaintiff's constructive discharge.

The Complaint states that Plaintiff filed a timely charge of gender discrimination, that the EEOC issued a determination finding reasonable cause to believe that Defendants subjected Plaintiff

to unequal terms and conditions of employment and constructive discharge in violation of Title VII, and that this action was timely filed within 90 days after Plaintiff received notice of his right to sue. Based on these allegations, Plaintiff asserts the following claims: (1) sex-based discrimination and a hostile work environment in violation of Title VII; and (2) a wrongful discharged in violation of Oklahoma's public policy against gender discrimination, as recognized in *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

### Defendant's Motion

Defendants seek dismissal of Plaintiff's Title VII claims based on a three-pronged argument that the Complaint fails to state a claim of gender discrimination. Defendants contend Plaintiff fails to allege sufficient facts to establish a *prima facie case* of gender discrimination because, first, he alleges only a shift change rather than an adverse employment action; second, he alleges no sexual harassment that would create a hostile work environment; and third, he fails to allege intolerable working conditions that would amount to a constructive discharge.

Defendants seek a dismissal of Plaintiff's state law wrongful discharge claim under *Burk*, based on past precedents of the Oklahoma Supreme Court holding that a *Burk* claim is precluded when an adequate federal remedy exists. *See*, *e.g.*, *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543 (Okla. 2001).

### Analysis

**A.   Title VII Claims**

Defendants' challenge to Plaintiff's Title VII claims is not well founded. The law is clear that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). A complaint is sufficient to provide fair notice of a Title VII claim where, as here, it alleges that the plaintiff was terminated on account of

a protected status, details the events leading to the termination, provides relevant dates, and states facts that permit an inference of discrimination. *See id.* at 514.

As to the alleged insufficiency of the stated facts to show an adverse employment action arising from Plaintiff's shift change, the Complaint alleges that Defendants imposed an employment policy that changed Plaintiff's work schedule or shift assignments and reduced his work hours and pay. This alleged change, by itself, plainly constitutes an adverse employment action under the court of appeals' liberal definition of that term. *See Sanchez v. Denver Public Schools*, 164 F.3d 527, 532 (10th Cir. 1998); *see also Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1217 (10th Cir. 2003).

Regarding Plaintiff's claims of a hostile work environment and a constructive discharge, the Complaint alleges a series of events between May, 2006, and July 11, 2006, to the effect that Defendants changed Plaintiff's shift assignment and reduced his pay, instructed him to quit his second job, denied his requests for additional work hours, and justified their actions with a facially discriminatory policy that essentially cast Plaintiff as a potential sexual predator. Defendants' argument that "a few isolated incidents of gender animus" do not satisfy the "severe or pervasive" element of a hostile work environment claim (*see* Defs.' Reply Br. [Doc. 6] at 2) raises a question to be resolved by the Court, if at all, on a motion for summary judgment. *See Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) ("Severity and pervasiveness are evaluated according to the totality of the circumstances . . . ."). Similarly, Defendants' argument that Plaintiff does not allege working conditions intolerable enough to establish a constructive discharge (*see* Defs.' Reply Br. [Doc. 6] at 2-3) fails for the same reason. *See Fischer v. Forestwood Co.*, 525 F.3d 972, 980 (10th Cir. 2008) ("We evaluate the voluntariness of an employee's resignation under an objective, totality of the circumstances standard.")

In short, the Court finds Plaintiff's Complaint to be sufficient to state Title VII claims of gender discrimination and a hostile work environment. Therefore, the Title VII claims will not be dismissed.

**B.      *Burk* Claim**

Prior to the Oklahoma Supreme Court's decision in *Saint v. Data Exchange Inc.*, 145 P.3d 1037 (Okla. 2006), Oklahoma law seemed clear that the federal statutory remedy available under Title VII provided an adequate and exclusive means to recover for gender discrimination resulting in a termination of employment. *See Clinton*, 29 P.3d at 546; *see also Marshall v. OK Rental & Leasing, Inc.*, 939 P.2d 1116, 1122 (Okla. 1997). The Oklahoma Supreme Court raised doubt concerning this rule, however, when it announced in *Saint*, 145 P.3d at 1039, that "there is a *Burk* tort remedy for those who allege employment age discrimination." The Oklahoma Supreme Court reached its decision without discussing the adequacy of the federal remedy or prior cases, like *List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1015 (Okla. 1996), holding that the federal age discrimination statute provided an exclusive remedy. This silence has created uncertainty about the continued validity of Oklahoma precedents that, before *Saint*, were viewed as precluding *Burk* claims in federal employment discrimination cases.

Federal judges sitting in Oklahoma have struggled to reconcile the Oklahoma Supreme Court's employment law decisions. Judge Heaton has declared it impossible "to identify a unifying principle or coordinated series of principles in the existing authorities which would provide a definitive guide to the questions presented." *Peery v. Veolia Water N. Amer.-West LLC*, No. CIV-06-721-HE, Order at 6 (W.D. Okla. April 10, 2007). Judge Cauthron has recently certified questions to the Oklahoma Supreme Court in an attempt to resolve the uncertainty. *See Shirazi v. Childtime*

5

*Learning Center, Inc.*, No. CIV-07-1289-C, Order Certifying Question to the Oklahoma Supreme Court (W.D. Okla. June 19, 2008).

Upon careful consideration, the Court declines to delay the resolution of pending cases while the uncertainty is resolved. The Court agrees with other colleagues who have decided the issue and have ruled that *Saint* is not controlling in Title VII cases, particularly those involving only status-based discrimination.[1] Unlike the federal age discrimination statute at issue in *Saint*, the Court finds that the federal statutory remedy provided by Title VII is adequate to protect Oklahoma's public policy goals and precludes a *Burk* claim. *See Eapen v. Dell Mktg. USA, LP*, No. CIV-07-277-F, 2007 WL 2248170, *3 (W.D. Okla. Aug. 2, 2007) (Friot, J.) (Title VII and 42 U.S.C. § 1981 remedies preclude *Burk* claim for race discrimination); *Benavidez v. Ameri Resource Temp Agency*, No. CIV-06-1244-R, Order (W.D. Okla. Jan. 25, 2007) (Russell, J.) (same); *Horner v. Claims Management Resources, Inc.*, No. CIV-08-409-R, 2008 WL 2199502, *1 (W.D. Okla. May 27, 2008) (Russell, J.) (Title VII remedy precludes *Burk* claim for gender discrimination). Like these jurists, the Court declines to find that the Oklahoma Supreme Court abrogated *Clinton* and *Marshall* without any reference to them.[2]

Moreover, the Oklahoma Supreme Court recently revisited the question of whether the availability of a federal remedy affects a *Burk* claim, and confirmed that the answer hinges on "whether a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal."

---

[1] Aside from *Saint*, decisions of the Oklahoma Supreme Court distinguishing status-based discrimination claims and conduct-based retaliation claims have led the Tenth Circuit to conclude that the existence of an adequate federal remedy does not preclude a *Burk* claim where a plaintiff's "wrongful discharge allegations are predicated upon her conduct rather than her status." *Green v. Board of County Comm'rs*, 472 F.3d 794, 804 (10th Cir. 2007) (First Amendment, § 1983 case).

[2] In *Peery*, Judge Heaton went further and ruled that *Saint* did not overrule *List* or permit the plaintiff to pursue a *Burk* tort claim in a case alleging status-based age discrimination for which the federal age discrimination statute provided an adequate remedy. *See Peery*, Order at 5, 7.

*Vasek v. Board of County Comm'rs*, No. 103,580, 2008 WL 1734925, *6 (Okla. 2008) (to be published) (internal quotation omitted). In *Vasek*, the supreme court found that a civil rights claim under 42 U.S.C. § 1983 based on a whistleblower's First Amendment right of free speech "is not a federal statutory remedy that sufficiently protects the Oklahoma policy goal of reporting unsafe or unhealthy conditions in public buildings" and, therefore, "is not an impediment to Plaintiff's claim of wrongful discharge." *Id.* In contrast, a Title VII remedy does provide sufficient protection for Oklahoma's policy goal of preventing gender discrimination.

In concluding that an uncertainty about Oklahoma law should not delay this litigation, the Court notes a practical consideration. Under current law, the federal remedies provided by Title VII parallel the common law remedies provided by Oklahoma law, although they are not identical, and there is little to be gained from allowing duplicative federal and state law claims to proceed in tandem.[3] Permitting Plaintiff to assert a wrongful discharge claim under both Title VII and *Burk* would not promote a resolution of the parties' dispute concerning Defendants' alleged discriminatory policy and constructive discharge of Plaintiff.

For these reasons, the Court finds that the *Burk* tort claim asserted by Plaintiff in this case should be dismissed.

**Conclusion**

Defendant is entitled to dismissal under Rule 12(b)(6), for failure to state a claim upon which relief can be granted, of Plaintiff's state law claim under *Burk* but not Plaintiff's Title VII claims.

---

[3] Following the Civil Rights Act of 1991, which enacted 42 U.S.C. § 1981a, Title VII authorizes the recovery of compensatory and punitive damages in addition to equitable remedies of back pay and reinstatement. Although Title VII contains a statutory cap on damages, *see* 42 U.S.C. § 1981a(b)(3), Oklahoma law also caps punitive damages. *See* Okla. Stat. tit. 23, § 9.1. Also, unlike tort law, a Title VII plaintiff may also recover attorney's fees. *See* 42 U.S.C. § 2000e-5(k).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 4] is GRANTED in part and DENIED in part. Plaintiff's pendent tort claim under *Burk* is dismissed. The case shall proceed only on Plaintiff's claims for relief under Title VII.

IT SO ORDERED this  1st  day of August, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE