IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER R. BAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1346-D |
| ) | |
| COLONIAL PLAZA NURSING HOME, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Dismissal of the State Law *Burk* Claims [Doc. No. 21], which seeks a modification of the Order of August 1, 2008, dismissing a state law tort claim asserted under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). The Motion presents a proper basis for reconsideration, namely, an intervening change in the law. *See Kruchowski v. Weyerhaeuseur Co.*, 202 P.3d 144 (Okla. 2008). Defendant opposes the Motion by arguing that *Kruchowski* involved age discrimination claims and should not impact Plaintiff's gender discrimination claims. Plaintiff has filed a timely reply brief disputing Defendant's reading of *Kruchowski*. The Motion is thus at issue.

Plaintiff claims he suffered reverse gender discrimination and constructive discharge from employment by Defendants in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* On August 1, 2008, the Court denied Defendant's Rule 12(b)(6) motion to dismiss the Title VII claims but dismissed Plaintiff's supplemental tort claim of wrongful discharge in violation of Oklahoma's public policy under *Burk*. Notwithstanding uncertainty generated by the Oklahoma Supreme Court's decision in *Saint v. Data Exchange Inc.*, 145 P.3d 1037 (Okla. 2006), the Court decided to adhere to prior decisions declining to entertain

duplicative Title VII and *Burk* claims and finding "the federal statutory remedy provided by Title VII is adequate to protect Oklahoma's public policy goals." *See* Order 8/1/08 [Doc. No. 11] at 6.

Subsequently, in *Kruchowski*, the Oklahoma Supreme Court clarified the impact of *Saint* and held that a *Burk* tort remedy is available "when the available remedies to the same class of employment discrimination victims are not uniform and even-handed." *See Kruchowski*, 202 P.3d at 153, 154. Further, during the pendency of Plaintiff's Motion, the Oklahoma Supreme Court issued its decision in *Shirazi v. Childtime Learning Center, Inc.*, 204 P.3d 75 (Okla. 2009), which addressed a certified question that encompassed Title VII claims. The Court finds that these decisions foreclose Defendant's attempt to distinguish age discrimination claims from other status-based claims. Pursuant to *Shirazi*, "a plaintiff may pursue a state law *Burk* tort claim for wrongful discharge in violation of public policy when the available remedies to the same class of employment discrimination victims are not the same . . . [;] race, color, religion, sex, national origin, age, and handicap are the types of discrimination within the same employment class to which we refer." *Shirazi*, 204 P.3d at 79.

Upon consideration of the issue, the Court finds itself in agreement with other federal judges who have permitted Title VII plaintiffs to pursue *Burk* claims. *See, e.g., Armstrong v. Vanguard Car Rental USA, Inc.*, Case No. CIV-08-1046-C, 2009 WL 1163232, *2 (W.D. Okla. April 29, 2009); *Jaramillo v. Farmers Ins. Exchange*, Case No. CIV-08-858-R, Order at 3-4 (W.D. Okla. Feb. 27, 2009). In light of *Kruchowski* and *Shirazi*, permitting Plaintiff to assert a *Burk* claim is necessary to afford him the same remedies available to other plaintiffs with status-based discrimination claims. The Court's task, should Plaintiff prevail on both his Title VII constructive discharge claim and his *Burk* wrongful discharge claim, will be to prevent a double recovery.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of the Court's Dismissal of the State Law *Burk* Claims [Doc. No. 21] is GRANTED. The Court vacates the portion of the Order of August 1, 2008 [Doc. No. 11], that dismissed Plaintiff's pendent tort claim under *Burk*. The case shall proceed on all claims asserted in the Complaint.

IT IS FURTHER ORDERED that, because the parties filed dispositive motions on April 13, 2009, the parties may supplement their summary judgment motions to address the *Burk* claim, if appropriate, by filing supplemental briefs in support of their respective motions not later than June 24, 2009. The parties may file response briefs to any such supplemental briefs by July 8, 2009. No reply briefs shall be filed without leave of Court.

IT IS SO ORDERED this __8th__ day of June, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE