IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER R. BAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1346-D |
| | ) | |
| COLONIAL PLAZA NURSING HOME, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court on Defendants' Motion for Reconsideration of the Order Issued by United States Magistrate Judge Argo Denying in Part and Granting in Part Defendants' Motion to Quash and for Protective Order [Doc. No. 63]. As the caption indicates, Defendants seek review or reconsideration under 28 U.S.C. § 636(b)(1)(A) of Judge Argo's Order of August 26, 2009 [Doc. No. 62], ruling on Defendants' Motion to Quash Subpoena. Plaintiff has filed a response. Because the Order concerns a pretrial matter that Judge Argo was authorized to decide, the Court's review is limited to determining whether Defendants have shown Judge Argo's ruling is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court addresses only the specific objections timely raised by Defendants.[1]

Judge Argo found, for reasons ably explained in his Order, that Defendants' Motion to prohibit Plaintiff from deposing attorney James Polan was not well taken but that the scope of the deposition should be limited to Mr. Polan's testimony concerning the factual basis of certain statements that appear in a document he prepared and submitted to the EEOC. Specifically, in a written response to Plaintiff's EEOC charge of gender discrimination, Mr. Polan referred to a policy

---

[1] Under Rule 72(a): "A party may not assign as error a defect in the order not timely objected to."

adopted by Defendants of minimizing male staffing on the night shift for safety reasons. The EEOC expressly relied on this staffing policy, which it found to be facially discriminatory and not supported by a bona fide occupational qualification, in reaching its final determination that there was reasonable cause to believe Plaintiff was subjected to gender discrimination. Judge Argo concluded that, to the extent Plaintiff is seeking to discover facts known to Mr. Polan at the time he drafted the statement, the information is not protected by the attorney-client privilege or, if otherwise protected, the privilege was waived by Defendants in the defense of this case. Accordingly, Judge Argo ruled that Plaintiff may depose Mr. Polan within certain parameters stated in the Order.

Defendants do not challenge these rulings by Judge Argo. Rather, the focus of their objection is a preliminary issue raised by their Motion to Quash regarding whether this Court has subject matter jurisdiction over a Title VII disparate impact claim that was not included in Plaintiff's EEOC charge. Judge Argo concluded this issue was not pertinent to the parties' discovery dispute because Plaintiff is seeking information that is directly related to a Title VII claim addressed by the EEOC and asserted in this case. In their Motion for Reconsideration, Defendants present additional arguments concerning questions of whether Plaintiff is asserting a disparate impact claim in this case, whether Plaintiff is seeking to depose Mr. Polan regarding such a claim, and whether such discovery should be stayed until the Court rules on pending motions for summary judgment that, according to Defendants, may dispose of the case and can be decided without any further discovery. To the extent Defendants raise new issues that were not before Judge Argo, the Court declines to consider them. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Upon consideration of the parties' briefs, the case record, and Judge Argo's Order, the Court finds no error in Judge Argo's ruling. Instead, the Court fully concurs in Judge Argo's analysis and conclusions. Under the Order, Plaintiff may depose Mr. Polan about the staffing policy discussed

in Defendants' EEOC response, which he drafted. The alleged policy was plainly raised during the administrative process; the EEOC expressly based its probable-cause determination on the existence of such a policy. Further, Plaintiff plainly asserted a Title VII claim in this case based on the alleged policy, which is expressly described in his pleading. *See* Compl. [Doc. No. 1], ¶ 13. Thus, Plaintiff's quest for factual information concerning the alleged policy, which Defendants now deny, plainly seeks evidence that is relevant to a Title VII claim before the Court. Defendants' argument that Plaintiff should not be permitted to assert a disparate impact claim, rather than a disparate treatment claim, is not germane to the discovery issues presented. Also, the Court finds no justification for further delaying Mr. Polan's deposition; all other discovery was scheduled to be completed by May 6, 2009. *See* Order 2/27/09 [Doc. No. 29] (setting deadlines); Order 5/1/09 [Doc. No. 47] (continuing deposition of James Polan).

IT IS THEREFORE ORDERED that Defendants' objections to Judge Argo's Order, asserted by the Motion for Reconsideration [Doc. No. 63], are overruled, and the Order [Doc. No. 62] is affirmed. Plaintiff may take the deposition of attorney James Polan, consistent with the limitations stated in the Order, by December 15, 2009.

IT IS SO ORDERED this 12th day of November, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE